IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED

⸰⁷ OCT 23 PM 4:3⁷

U.S. ⸱⸱⸱⸱⸱⸱⸱ ⸱⸱⸱⸱⸱⸱RT
N.D OF ALABA⸱⸱⸱

| | | |
|---|---|---|
| TEMPLE B'NAI SHOLOM, and<br>RABBI JEFFREY L. BALLON,<br>     Plaintiffs, | )<br>)<br>)<br>) | |
| v. | )<br>) | |
| CITY OF HUNTSVILLE, HULAN<br>SMITH, in his capacity as<br>chief administrator of the<br>City of Huntsville's<br>Inspection Department,<br>JERRY GALLOWAY, in his<br>capacity as chief<br>administrator of the City<br>of Huntsville's Community<br>Development Department, and<br>the HUNTSVILLE HISTORIC<br>PRESERVATION COMMISSION,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. CV-01-S-1412-NE |

**AMENDED COMPLAINT**

Plaintiffs, Temple B'nai Sholom (the "Temple") and Rabbi Jeffrey L. Ballon, by and through their attorneys, state as follows for their Complaint:

**NATURE OF ACTION**

1.    This suit seeks relief from the clear and purposeful deprivation of Plaintiffs' rights to freedom of speech, religion, assembly, due process and equal protection of the laws by Defendants, acting under the color of the law.   In this action, Plaintiffs allege that the application of zoning, housing, and

historic preservation laws of the City of Huntsville violate the United States and Alabama constitutions as well as applicable federal law. Citing these zoning and housing laws, Defendants have deprived Plaintiffs of their ability to utilize the Temple's property for religious purposes.

2.  Plaintiffs seek injunctive, declaratory and compensatory and other available relief under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc et seq. ("RLUIPA"), 42 U.S.C. § 1983, the United States Constitution, and the Constitution of Alabama of 1901, for their injuries suffered as a result of Defendants' unlawful conduct. Defendants (1) impermissibly burden Plaintiffs' religious exercise, expression and association by prohibiting Plaintiffs' use of the property and by denying it a demolition permit necessary for Plaintiffs to use the property for religious purposes; (2) discriminate against Plaintiffs through that prohibition, in violation of Plaintiffs' rights under RLUIPA, the Free Exercise, Free Speech, Free Assembly, Due Process and Equal Protection clauses of the United States and Alabama Constitutions; and (3) discriminate against and harass the Plaintiffs in violation of RLUIPA by criminally prosecuting the Temple for failure to comply with certain housing codes which themselves conflict with the application of the historic preservation laws. Plaintiffs also seek costs and attorneys' fees.

2

**PARTIES**

3.    The Temple, a Reform Jewish synagogue located in Huntsville, Alabama, was founded in July 1876. Since 1899, the Temple has utilized its present location and continuously engaged in its primary purposes of religious exercise and education. Rabbi Jeffrey L. Ballon is the Rabbi for the Temple and its religious leader, and resides in Madison County, Alabama.

4.    Defendant City of Huntsville (the "City") is a municipal corporation organized and existing pursuant to Alabama Code § 11-40-1, et seq.    The City acts through its governing body, its officials, employees and official bodies and is empowered by the State of Alabama to regulate and restrict the use of land and structures within the City's borders.

5.    Defendant Hulan Smith is the chief administrator of the City of Huntsville's Inspection Department.    He is sued in his official capacity only.

6.    Defendant Jerry Galloway is the chief administrator of the City of Huntsville's Community Development Department.    He is sued in his official capacity only.

7.    Defendant Huntsville Historic Preservation Commission (the "Commission") is a non-profit governmental agency established in the City of Huntsville, Alabama by the City Council under Ordinance No. 72-47.    The Commission is the body within the City

that hears and approves requests to erect, alter, change or demolish property within designated historic districts.

## STATEMENT OF FACTS

### The Congregation

8.   Congregation B'nai Sholom has been serving the Huntsville community since 1876, and from its present location at Lincoln and Clinton streets since 1899.

9.   The Temple is comprised of approximately 190 families. It is the only Temple with a full-time Rabbi in the Huntsville area, and grows by approximately five percent (5%) per year.

10.   Rabbi Ballon and the Temple adhere to the religious belief that a Temple performs three functions: ecclesiastical, educational, and social.   Each function is vital to the religious life of the Temple and its congregation.   The Temple's present facilities are inadequate to meet these needs both now and in the future.   Some examples of these inadequacies are set forth below.

11.   Since the 1960s, the Congregation has been too large to be accommodated for High Holy day services in the Temple, and began holding them at Redstone Arsenal's facilities.

12.   The Temple engages in religious education of its children, including religious school on Sunday morning and Hebrew classes on Wednesdays, as well as Bar and Bat Mitzvah classes.   Its present facilities are not adequate to continue this activity for

the entire Congregation or to accommodate appropriately the children presently enrolled in religious school. There is no room at present for educational growth.

13.    The Temple engages in adult education, including Torah and Hebrew study. These activities are severely burdened by the Temple's lack of physical space.

14.    The Temple engages in several other religious ceremonies and events that, due to the lack of space in their present facilities, must be held off-site. These ceremonies and activities include Bar Mitzvahs, Bat Mitzvahs, weddings, Passover Seder, and Oneg Shabbat following certain religious services. The inability to hold these events severely burdens Plaintiffs' religious exercise.

15.    Plaintiffs wish to hold Seudat Schlishi, the third meal of the Sabbath, but are unable to do so because of their present facility's lack of space.

16.    Individual congregants have been unable to attend services and other religious activities because of the lack of adequate facilities at the Temple, including the lack of parking—the Temple has eight (8) parking spaces- the lack of handicapped parking, and the lack of appropriate bathroom facilities.

17.  In 2001, the Plaintiffs were unable to hold High Holy Day services at Redstone Arsenal because of heightened security concerns following the tragic events of September 11, 2001. Because of the lack of space, Plaintiffs are unable to provide child care and adult day care services, activities mandated by Plaintiffs' faith and which would include a religious component.

18.  Plaintiffs also are unable to house their expansive library, which would serve both the Rabbi's and the congregation's religious needs.

19.  Plaintiffs cannot house an adequate gift shop for the purpose of selling Jewish religious items, which are unavailable elsewhere in Huntsville, Alabama.

20.  Although Plaintiffs currently utilize inadequate parking at neighboring organizations and churches, this accommodation may cease at any time.

21.  The Temple's kitchen space and restroom facilities are insufficient for the present and future needs of the congregation. For example, the Temple has been prevented from holding its Corned Beef Luncheon fund raiser (historically its largest single fund raising event) because of a Health Department determination that its kitchen facilities are inadequate.

22.  In 1993 and 1994, the Temple renovated its existing sanctuary building, winning historic preservation awards from the State of Alabama and from the Historic Huntsville Foundation.

23.  The Temple employs a Rabbi, a secretary, a janitor, and an organist.

### The Congregation's Long-Term Expansion Plans

24.  Because of the ongoing and permanent burdens described above, Plaintiffs have long sought a solution to this crisis.

25.  In the 1970s the Temple purchased the two real estate lots at 406 and 408 Clinton Avenue, Huntsville, Alabama 35801, which are adjacent to the East boundary of the lot on which the Temple's sanctuary is located.  The reason for these purchases was future expansion to accommodate. Plaintiffs' religious exercise needs.

26.  Plaintiffs' specific needs include expansion of the sanctuary space by approximately 7000 square feet, adding approximately 3000 square feet for social activities such as Oneg Shabbat and Seders, kitchen space necessary to hold certain public events, adequate bathroom facilities, adding a recreation hall of approximately 4000 square feet to accommodate child care and adult day care activity, a gift shop for sale of religious items, a library sufficient to hold the Temple's book collection, a 2500

square foot cultural diversity center for community outreach purposes, and 3000 square feet for administrative space, including an office for the Rabbi, and space for clerical support.

27. Plaintiffs attempted to purchase the adjacent Better Business Bureau building, but were unsuccessful in those efforts. Plaintiffs' property is otherwise bordered by public streets.

28. Plaintiffs are currently preparing building and architectural plans to utilize their property for religious use. Until construction begins, Plaintiffs plan to use the lots at 406 and 408 Clinton Avenue for green space, permitting certain children's activities and outdoor worship services, such as Seudat Schlishi.

29. The expansion plans necessarily require the demolition of the structure on the lot at 406 Clinton Avenue. The structure is directly adjacent to the sanctuary.

**The Demolition Permit Application**

30. When the Temple purchased this property, there was a residential structure on the lot at 406 Clinton Avenue (the "Structure").

31. Upon information and belief, owners of Christian churches in Huntsville's historic preservation districts have been permitted by Defendants to demolish homes of equivalent or greater historic value to that at 406 Clinton Avenue.

8

32.  On or about September 15, 2000 the Structure was declared unsafe by a Housing Official of the City of Huntsville's Community Development Division\Code Enforcement Section (the "Notice").

33.  The Notice was issued pursuant to City of Huntsville Ordinance No. 90-174, Standard Housing Code ("Housing Code"), which applies to all residential buildings or structures, which are unsafe, whether or not such buildings or structures are located within historic districts.  According to section 103.2.1 of the Housing Code:

> All residential buildings or structures which are unsafe... or which are otherwise dangerous to human life, or which constitute hazard to safety or health.... are considered unsafe buildings.  All such buildings or structures are hereby declared illegal and shall be abated by repair and rehabilitation or **by demolition....**

Housing Code, § 103.2.1 (emphasis added).

34.  In order to comply with the City's order, and to accomplish its religious objectives by creating space for expansion, the Temple decided that demolishing the Structure would best serve its needs.

35.  Repairing the Structure would not permit the Plaintiffs to engage fully in the religious exercise they deem necessary to fulfill the requirements of their religious faith.  The size, condition and layout of the Structure, even if repaired, would not

be sufficient for Plaintiffs' religious services and programs. For example, the sanctuary space would remain inadequate, educational space would remain insufficient, and the parking, kitchen and bathroom problems would not be resolved.

36. Repairing the Structure would itself constitute a severe burden on Plaintiffs' religious exercise, since it would require a financial expenditure in excess of 50% of the Temple's annual budget. These scarce funds are urgently required for the Temple's religious activities.

37. On or about October 16, 2000, the Temple attempted in good faith to comply with the directives of the Housing Code of the City of Huntsville, Community Development Division, by applying with the agent or instrumentality of the City of Huntsville, the Huntsville Historic Preservation Commission, for a Certificate of Appropriateness to demolish the Structure.

38. The factors relevant in making this a determination on are:

> In the case of the proposed demolition of an existing building, the removal of such building will not be detrimental to the historic and architectural character of the district or that, balancing the interest of the city in preserving the integrity of the district and the interest of the owner of the property in the use and benefits of his property, approval of the plans for demolition is required by considerations of reasonable justice and equity.

(Section II.D(4)of the Regulations of the Huntsville Historic Preservation Commission).

39.   On or about November 20, 2000, the Historic Preservation Commission denied the Temple's application.   In this letter the only specific, non-conclusory ground for denial was that "[t]he current application was incomplete because the Commission requires that specific plans for reuse of the property accompany any request for demolition of a historic structure, and no plans were submitted for evaluation."

40.   On or about April 9, 2001, the Temple resubmitted an application for Certificate of Appropriateness pursuant to Act No. 1307, H. 2095 of the 1971 Regular Session of the Alabama Legislature (the "1971 Act"), Alabama Code § 11-68-1 et seq. (the "1989 Act"), and applicable local ordinances.

41.   The Temple's re-application was accompanied by specific plans for the reuse of the property and, thus, removed the only specific grounds for denial of the previous application.   (The space in the current facilities is inadequate to accommodate the religious activities of the congregation and its anticipated and desired growth.)   Section 6, paragraph D of the 1971 Act provides:

An application to .... demolish ... a structure or

building within any Historic Preservation District,

11

which has been disapproved, shall not be re-submitted, unless amended to eliminate there from the reasons for prior disapproval, within four months thereafter. Provided, however, after the expiration [of] thirty days from the date of a re-submission of an application to demolish ...., unless the Commission within such thirty-day period shall have granted written approval of such application, **the property owner shall have an absolute right to demolish .... the structure or building and may proceed therewith.**

(emphasis added). These provisions continue to govern the operation of the Huntsville Historic Preservation Commission. *See, e.g.,* Ala. Code § 11-68-14; Ala. Code § 11-68-1, Code Commissioner's note; Ala. Code § 1-1-10.

42. The Temple's re-application was wrongfully denied by the Commission in a letter bearing the date April 23, 2001, and received by the Temple on April 27, 2001.

43. The Temple on several occasions has also applied directly to the Inspection Department for a demolition permit. On April 19, 2001, the Temple made its most recent application, which was not accepted by the Inspection Department. Defendant Hulan Smith

refused to accept filing of the application and stated orally he would neither grant nor deny the application.

44.  Defendants are preventing Plaintiffs from building facilities necessary and desirable for their religious exercise by denying Plaintiffs a demolition permit to remove the Structure.

45.  Moreover, despite the Temple's numerous good faith efforts to comply with Community Development's directives, the City of Huntsville has prosecuted, lost, and moved to reinstate an action against the Temple seeking a misdemeanor conviction for not abating the dangers presented by the Structure.  In dismissing that action, the Honorable Municipal Court Judge Sybil D. Cleveland held that the City's actions against the Temple constituted an ongoing violation of the Religious Land Use and Institutionalized Persons Act.

46.  Plaintiffs have suffered and continue to suffer injury as a result of the burdensome, discriminatory and arbitrary actions taken by the City of Huntsville.  Through its Community Development Division, the City has ordered the Temple to repair or demolish the Structure and is prosecuting an action against the Temple for failing to do so.  On the other hand, the City – through the Historic Preservation Commission and the Inspection Department– is wrongfully withholding authorization to the Temple to demolish the Structure.

## COUNT I

### Violation of the United States Constitution
### Free Exercise of Religion: First and Fourteenth Amendments

47. Paragraphs 1 through 46 are incorporated by reference as if set forth fully herein.

48. Defendants have deprived and continue to deprive Plaintiffs of their right to free exercise of religion--as secured by the First Amendment to the United States Constitution, made applicable to the States by the Fourteenth Amendment—by discriminating against Plaintiffs because of their religious character and by inhibiting their rights to freely exercise their religious faith.

## COUNT II

### Violation of the Constitution of Alabama of 1901
### Religious Freedom:  Article I, Section 3

49. Paragraphs 1 through 48 are incorporated by reference as if set forth fully herein.

50. Defendants have deprived and continue to deprive Plaintiffs of their right to free exercise of religion--as secured by Article I, Section 3 of the Constitution of Alabama of 1901—by discriminating against Plaintiffs because of their religious

character and by inhibiting their right to freely exercise their religious faith.

## COUNT III

**Violation of the United States Constitution
Freedom of Speech: First and Fourteenth Amendments
(42 U.S.C. §1983)**

51. Paragraphs 1 through 50 are incorporated by reference as if set forth fully herein.

52. Defendants have deprived and continue to deprive Plaintiffs of their right to speak on matters of religion—as secured by the First Amendment to the United States Constitution, made applicable to the States by the Fourteenth Amendment—by discriminating against Plaintiffs based on the religious nature of their expression and by inhibiting their rights to freely express their religious faith with and to their congregants and the community.

## COUNT IV

**Violation of the Constitution Of Alabama of 1901
Freedom of Speech: Article I, Section 4**

53. Paragraphs 1 through 52 are incorporated by reference as if set forth fully herein.

54. Defendants have deprived and continue to deprive Plaintiffs of their right to speak on matters of religion—as

secured by Article I, Section 4 of the Constitution of Alabama of 1901--by discriminating against Plaintiffs based on the religious nature of their expression and by inhibiting their rights to freely express their religious faith with and to their congregants and the community.

## COUNT V

### Violation of the United States Constitution
### Freedom of Association: First and Fourteenth Amendments
### (42 U.S.C. §1983)

55.  Paragraphs 1 through 54 are incorporated by reference as if set forth fully herein.

56. Defendants have deprived and continue to deprive Plaintiffs of their right to freely assemble for religious purposes and/or worship— as secured by the First Amendment to the United States Constitution, made applicable to the States by the Fourteenth Amendment— by prohibiting Plaintiffs from assembling in a location where similar but nonreligious groups would be permitted to assemble.

## COUNT VI

### Violation of the Constitution of Alabama
### Freedom of Association: Article I, Section 25

57.   Paragraphs 1 through 56 are incorporated by reference as if set forth fully herein.

58.   Defendants have deprived and continue to deprive Plaintiffs of their right to freely assemble for religious purposes and/or worship— as secured by Article I, Section 25 of the Constitution of Alabama of 1901— by prohibiting Plaintiffs from assembling in a location where similar but nonreligious groups would be permitted to assemble.

## COUNT VII

### Violation of the United States Constitution
### Equal Protection: Fourteenth Amendment
### (42 U.S.C. §1983)

59.   Paragraphs 1 through 58 are incorporated by reference as if set forth fully herein.

60.   Defendants have deprived and continue to deprive Plaintiff of their right to equal protection of the laws-as secured by the Fourteenth Amendment to the United States Constitution-by discriminating against Plaintiffs in the application of the Housing Code.

## COUNT VIII
### Violation of the Constitution of Alabama of 1901
### Equal Protection: Article 1, Section 1

61.  Paragraphs 1 through 60 are incorporated by reference as if set forth fully herein.

62.  Defendants have deprived and continue to deprive Plaintiffs of their right to equal protection of the laws–as secured by Article 1, Section 1 of the Constitution of Alabama of 1901–by discriminating against Plaintiff in the application of the Housing Code.

## COUNT IX

### Violation of the United States Constitution
### Due Process: Fourteenth Amendment
### (42 U.S.C. §1983)

63.  Paragraphs 1 through 62 are incorporated by reference as if set forth fully herein.

64.  Defendants have deprived and continue to deprive Plaintiffs of due process of law–as secured by the Fourteenth Amendment to the United States Constitution–by denying Plaintiffs use of their property based on irrational and discriminatory motives.

## COUNT X

### Violation of the Religious Land Use and
### Institutionalized Persons Act of 2000
### Discrimination on the Basis of Religion
### (42 U.S.C. § 2000cc et seq.)

65. Paragraphs 1 through 64 are incorporated by reference as if set forth fully herein.

66. Defendants have deprived and continue to deprive Plaintiffs of their right to be free from religious discrimination as secured by the Religious Land Use and Institutionalized Persons Act by treating Plaintiffs on less than equal terms as a nonreligious assembly or institution, by imposing and implementing a land use regulation that discriminates against them on the basis of religion, and by unreasonably limiting Plaintiffs' religious assemblies, institutions, and structures within the Historic District.

### COUNT XI

### Violation of the Religious Land Use and
### Institutionalized Persons Act of 2000
### Substantial Burden on Religious Exercise
### (42 U.S.C. § 2000cc et seq.)

67. Paragraphs 1 through 66 are incorporated by reference as if set forth fully herein.

68. Defendants have deprived and continue to deprive Plaintiffs of their right to the free exercise of religion as secured by the Religious Land Use and Institutionalized Persons Act by imposing and implementing a land use regulation that imposes a substantial burden on Plaintiffs' religious exercise.

## COUNT XII

### Violation of the Religious Land Use and
### Institutionalized Persons Act of 2000
### Limitations and Exclusions
### (42 U.S.C. § 2000cc et seq.)

69. Paragraphs 1 through 68 are incorporated by reference as if set forth fully herein.

70. Defendants have deprived and continue to deprive Plaintiffs of their right to the free exercise of religion as secured by the Religious Land Use and Institutionalized Persons Act by imposing and implementing a land use regulation that unreasonably limits religious assemblies within a jurisdiction.

## COUNT XIII

### Violation of Constitution of Alabama of 1901
### Alabama Religious Freedom Amendment:  Amendment 622

71.  Paragraphs 1 through 70 are incorporated by reference as if set forth fully herein.

72.  Defendants have deprived and continue to deprive Plaintiffs of their right to the free exercise of religion as secured by Amendment 622 of the Constitution of Alabama of 1901 by imposing and implementing a land use regulation that discriminates against them on the basis of religion, by unreasonably limiting Plaintiffs' religious assemblies, institutions, and structures within the Historic District, and by imposing and implementing a land use regulation that imposes a substantial burden on Plaintiffs' religious exercise.

## COUNT XIV

**Appeal from Huntsville Historic Preservation Commission's Denial of Application and Writ of Mandamus to Commission to Execute Certificate of Appropriateness**

73.  Paragraphs 1 through 72 are incorporated by reference as if set forth fully herein.

74.  Defendants have deprived and continue to deprive the Temple of its right to demolish the Structure by wrongfully denying the Temple's April 9, 2001 reapplication to the Commission for a Certificate of Appropriateness, which satisfied all procedural

requirements for such applications and removed the only specific

grounds for denial of the Temple's previous application.


## COUNT XV

### Writ of Mandamus to City of Huntsville, Inspection Department, and Hulan Smith to Issue Demolition Permit

75.    Paragraphs 1 through 74 are incorporated by reference as

if set forth fully herein.

76.    The Inspection Department of Defendant City of Huntsville

and Defendant Hulan Smith have deprived the Temple and continue to

deprive the Templ of its right to demolish the Structure by

refusing to grant the Temple a demolition permit.  Such action is

in direct violation of Smith's ministerial duty as well as a

failure to perform a clear legal duty imposed by law.


## REQUEST FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court

grant the following relief:

  (a)   A final judgment declaring, ordering, adjudging and
        decreeing that the Temple's application is due to be
        granted;

  (b)   A permanent injunction restraining Defendants, their
        officers, agents, employees, and attorneys from enforcing
        or endeavoring to enforce the Housing Code, the Building
        Code, regulations of the City of Huntsville Inspection
        Department, regulations of the City of Huntsville
        Community Development Department or regulations of the

Huntsville Historic Preservation Commission to either prohibit Plaintiffs from demolishing their property at 406 Clinton Avenue in Huntsville, Alabama, or to prohibit Plaintiffs from building additional facilities to accommodate the religious activities and endeavors and those appurtenant thereto of Plaintiffs;

(c)  A Writ of Mandamus or rule nisi, directed to the Huntsville Historic Preservation Commission, returnable to this Court, ordering, adjudging and decreeing that:

(1)  the Commission issue forthwith to the Temple a Certificate of Appropriateness to demolish the Structure;

(2)  the Temple be afforded such other, further or different relief as may be just and proper, pursuant to such other and further orders, judgments and decrees as may be proper; and

(3)  tax costs of this action to Defendant;

(d)  An award of compensatory damages against Defendants in favor of the Plaintiffs as the Court deems just for the loss of Plaintiffs' free exercise of religion, freedom of speech, freedom of assembly, deprivation of equal protection and due process under law, and expenses incurred by Plaintiffs and caused by Defendants' actions;

(e)  An award to Plaintiffs of full costs and attorneys' fees arising out of this litigation; and

(f)  Such other and further relief as this Court may deem just and appropriate.

## DEMAND FOR JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury in this action of all issues so triable.

_____
One of the Attorneys for
Temple B'nai Sholom

David B. Block
J. Andrew Watson, III
Balch & Bingham LLP
655 Gallatin Street
Huntsville, Alabama 35801
(256) 551-0171

Roman P. Storzer
Anthony R. Picarello
The Becket Fund For Religious Liberty
1350 Connecticut Ave. NW
Suite 605
Washington, DC 20036
(202) 955-0095

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by depositing a copy in the United States Mail, first class, postage prepaid, addressed as follows:

Michael L. Fees, Esquire
G. Gregory Burgess, Esquire
Fees & Burgess, P.C.
213 Green Street
Huntsville, Alabama 35801

on this the 23 day of October, 2001.

_____
Of Counsel